ORIGINAL

# In the United States Court of Federal Claims

No. 17-1449C
(Filed May 9, 2018)
NOT FOR PUBLICATION

FILED

MAY - 9 2018

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ANGELIQUE NICHOLE
BANKSTON,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On October 4, 2017, plaintiff, Angelique Nichole Bankston, filed a complaint with this court. ECF No. 1. The complaint was subsequently amended on November 6, 2017. ECF No. 9. Both complaints alleged the violation of supposed contracts between plaintiff and the United States government. On November 22, 2017, the government filed a motion to dismiss this case for failure to state a cognizable claim falling within this Court's jurisdiction. ECF No. 12. Miss Bankston failed to file a response to the government's motion. Recognizing her *pro se* status, the Court issued an order on January 8, 2018, giving Ms. Bankston an additional twenty-eight days to respond. ECF No. 13. Miss Bankston then filed a paper with this Court, explaining that she never received a copy of the government's motion to dismiss this case. ECF No. 14. The Court directed that a copy of the motion be forwarded to Ms. Bankston and gave her additional time to file a response. ECF No. 15. On February 21, 2018, Ms. Bankston filed yet another paper, stating that she still had not received a copy of the government's motion. ECF No. 17. The Clerk's Office promptly forwarded another copy to Ms. Bankston, which USPS tracking shows was delivered on March 1, 2018. Miss Bankston's deadline to file a response came and went. On March 27, 2018, this Court issued another order, giving Ms. Bankston until April 10, 2018, to file a response. ECF No. 18. The Court has received no such response.

7017 1450 0000 1346 4865

Given Ms. Bankston's failure to respond to the government's motion to dismiss this case, despite this Court's numerous efforts to accommodate her, this case is **DISMISSED** for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims. The government's motion to dismiss this case is **DENIED AS MOOT**.†

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† Due to the *pro se* status of Ms. Bankston, who is incarcerated in a federal facility in Florida, the Court has taken the additional step of reviewing her papers to determine if a basis for our jurisdiction has been properly alleged. It has not. Our court is not empowered to review the decisions of other federal courts, *see Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), and our jurisdiction over contracts requires factual allegations plausibly identifying an actual agreement entered into with a federal official authorized to bind the federal government. *See Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). Rather than allege facts showing the existence of a contract, plaintiff makes bare reference to maritime-contract law and the Uniform Commercial Code, which is plainly insufficient to establish jurisdiction.